UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

**LEACHCO, INC.**,

  Plaintiff,

*v.*

**CONSUMER PRODUCT SAFETY COMMISSION, ET AL.**,

  Defendants.

Case No. 6:22-CV-00232-RAW

## NOTICE OF COMMISSION ORDER ISSUED IN RELATED ADMINISTRATIVE PROCEEDING

Plaintiff Leachco, Inc. provides notice of an order issued by the Consumer Safety Product Commission in the administrative proceeding against Leachco, *In the Matter of Leachco, Inc.*, CPSC Docket No. 22-1.[1] This order confirms (1) the Commission will proceed with its unconstitutional administrative action against Leachco and, as a result, (2) Leachco will suffer an irreparable harm—being subject to an unconstitutional proceeding—unless this Court issues a preliminary injunction. *See* Leachco's Prelim. Inj. Mem. in Supp. & Reply (Dkt. Nos. 10, 40).[2]

Indeed, the failure of the Commission (like the ALJ before) to grasp Leachco's constitutional arguments only underscores the need for an injunction from this Court. Leachco challenged the improper removal protections enjoyed by the ALJ and the CPSC Commissioners. But the ALJ and Commission both ruled on a different issue, *i.e.*, whether the ALJ was properly appointed—a claim that Leachco never raised.

---

[1] A true and correct copy of the Commission's October 7, 2022, order is attached hereto as Exhibit 1.
[2] Briefing for Leachco's Motion is complete. *See* Dkt. Nos. 9–10, 39, 40.

Pursuant to Supreme Court precedent, separation-of-powers violations, including improper removal protections for executive officers, inflict upon private parties like Leachco "here-and-now" constitutional injuries that may be remedied—immediately—by Article III courts. *Seila Law, LLC v. CFPB*, 140 S. Ct. 2183, 2196 (2020). Here, both the ALJ and the CPSC Commissioners are unconstitutionally protected from removal, "contrary to Article II's vesting of the executive power in the President." *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 484 (2010).

Accordingly, Leachco argues that (1) the ALJ enjoys an improper multi-level removal protection and (2) the President is unconstitutionally precluded from removing the CPSC Commissioners except for cause. *See* Leachco's Mem. in Supp. (Dkt. No. 10) at 4–6, 7–15; Reply (Dkt. No. 40) at 7–9.

On these improper-removal grounds, Leachco moved to disqualify the ALJ. But the ALJ denied Leachco's motion because, he concluded, he had been properly appointed.[3] The Commission has now made the same error, basing its order on the validity of the ALJ's appointment—an issue, to repeat, that Leachco never raised. *See* CPSC October 7, 2022 Order, Ex. 1, at 3 ("conclud[ing] that the appointment processes comport with the Consumer Product Safety Act and Article II, section 2 of the United States Constitution").

---

[3] *See* Dkt. No. 38, Ex. 1 (ALJ Order Denying Mtn. to Disqualify). Leachco also moved for a stay of the administrative proceeding—at least until this Court rules on its Preliminary Injunction Motion—pending judicial resolution of the constitutional claims raised in this lawsuit. That request was also denied. *Id.*

Finally, although not the basis for its holding, the Commission mentioned Leachco's removal arguments. *See* Ex. 1, CPSC October 7, 2022 Order, at 1. But even there, the Commission misunderstood the nature of Leachco's removal argument against the ALJ. According to the Commission, Leachco challenged the ALJ because "he is insulated from being removed *at the discretion of the President.*" *Id.* (emphasis added). That's not accurate. Leachco never argued that the ALJ must be removable at the discretion of the President. Rather, Leachco argued—following *Free Enterprise Fund*—that the ALJ is improperly insulated by multiple layers of removal protection because: (1) the ALJ may not be removed except for cause *by officers below the President*, and (2) those officers cannot be removed by the President except for cause. *See* Leachco Mem. in Supp. (Dkt. No. 10) at 2, 10–15; Reply (Dkt. No. 40) at 8–9.

\* \* \*

The Commission's October 7, 2022, Order confirms the ALJ's decision to continue with the administrative proceeding. Because that proceeding is unconstitutional, the Commission will continue to inflict upon Leachco a here-and-now constitutional harm that cannot be remedied after the proceeding ends. And this irreparable harm will proceed unless this Court issues an injunction

\* \* \*

DATED: October 13, 2022.   Respectfully submitted,

KURT M. RUPERT
  OBA No. 11982
Hartzog Conger Cason
201 Robert S. Kerr Ave., Suite 1600
Oklahoma City, OK 73102
405.235.7000
krupert@hartzoglaw.com

*/s/ Oliver J. Dunford*
OLIVER J. DUNFORD
  Florida Bar No. 1017791*
Pacific Legal Foundation
4440 PGA Blvd., Suite 307
Palm Beach Gardens, FL 33410
916.503.9060
odunford@pacificlegal.org

JOHN F. KERKHOFF
  Ohio Bar No. 0097134*
FRANK D. GARRISON
  Indiana Bar No. 34024-49*
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 610
Arlington, VA 22201
202.888.6881
JKerkhoff@pacificlegal.org
FGarrison@pacificlegal.org

*Admitted Pro Hac Vice*

*Attorneys for Plaintiff Leachco, Inc.*

- 5 -

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 13, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing which sent notice of electronic filing to the following:

Steven A. Myers
Madeline M. McMahon
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
steven.a.myers@usdoj.gov
madeline.m.mcmahon@usdoj.gov

  *Attorneys for Defendants*

             */s/ Oliver J. Dunford*
             OLIVER J. DUNFORD

            *Attorney for Plaintiff Leachco, Inc.*