Leachco, Inc.
Motion for Injunction Pending Appeal
and Brief in Support

# Exhibit 2

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEACHCO, INC.**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CONSUMER PRODUCT SAFETY COMMISSION**, *et al.*, <br><br> *Defendants*. | Case No. 22-CV-232-RAW |

# ORDER

This matter comes before the court on the Motion for Preliminary Injunction [Dkt. No. 9] of Plaintiff Leachco, Inc. ("Leachco), which seeks the issuance of a preliminary injunction to prevent the Consumer Product Safety Commission ("Commission") from proceeding with an administrative action the Commission filed against Leachco.[1] For the reasons set forth below, the court denies this motion.

## BACKGROUND

The Commission is an executive regulatory agency authorized to enforce, among other laws, the Consumer Product Safety Act. *See* 15 U.S.C. §§ 2051, *et seq*. It is headed by five commissioners, no more than three of whom may be affiliated with the same political party. *Id*., § 2053(a), (c). Each commissioner is appointed by the President and "may be removed by the President for neglect of duty or malfeasance in office but for no other cause." *Id*., § 2053(a).

---

[1] The court additionally reviewed Leachco's Memorandum in Support of Motion for Preliminary Injunction [Dkt. No. 10]; Notice of Order Issued in Related Administrative Proceeding [Dkt. No. 38]; Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction [Dkt. No. 39]; Leachco's Reply in Support of Motion for Preliminary Injunction [Dkt. No. 40]; Notice of Commission Order Issued in Related Administrative Proceeding [Dkt. No. 41]; and Defendants' Response to Plaintiffs' Notice of Commission Order [Dkt. No. 44].

The Commission conducts formal adjudicatory hearings pursuant to the Administrative Procedure Act. Each Commission hearing is overseen by an administrative law judge ("ALJ"). An ALJ may be removed from his or her position in an action initiated "by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board." 5 U.S.C. § 7521(a). Members of the Merit Systems Protection Board, in turn, may be removed by the President "only for inefficiency, neglect of duty, or malfeasance in office." *Id*., § 1202(d).

Leachco is an Oklahoma corporation which designs, manufactures, and sells a variety of products, including an infant lounger called the "Podster." Two incidents involving Podsters have resulted in an infant's death. On February 9, 2022, the Commission authorized the issuance of an administrative complaint against Leachco, alleging the Podster presents a "substantial product hazard." *See* 15 U.S.C. § 2064.

Leachco subsequently filed the present action, seeking declaratory and injunctive relief. It asserts six causes of action. The first three causes of action allege the Commission's structure violates Article II, § 2 of the United States Constitution, and challenge: (1) the commissioners' for-cause removal protection, (2) the ALJ's multilevel removal protection, and (3) the commissioners' political-affiliation limit. The final three causes of action challenge the Commission's administrative action against Leachco, and allege it (4) violates Article III of the Constitution because the Commission is not vested with the judicial power of the United States, (5) violates the Fifth Amendment because it denies Leachco due process, and (6) violates the Seventh Amendment because it denies Leachco its right to a jury. Here, Leachco seeks a preliminary injunction to prevent the Commission from proceeding with the administrative action.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 65(a)(1) authorizes the count to grant a preliminary injunction, and the party seeking a preliminary injunction must establish: (1) it is likely to suffer irreparable harm in the absence of preliminary relief; (2) it is likely to succeed on the merits; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The first element, a showing of likely irreparable harm, "is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). As a consequence, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id*.

The "preliminary injunction is an extraordinary remedy." *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). It should only be granted when "the right to relief [is] clear and unequivocal." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *see also United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–889 (10th Cir. 1989) ("Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established.").

**ANALYSIS**

The court concludes Leachco is not entitled to a preliminary injunction because it has not shown it "is likely to suffer irreparable harm in the absence of preliminary relief." *See Planned Parenthood Ass'n of Utah*, 828 F.3d at 1252. The concept of "irreparable harm does not readily lend itself to definition," but "a plaintiff must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *Fish v. Kobach*,

3

840 F.3d 710, 751–52 (10th Cir. 2016) (internal quotations marks omitted). Even harm that is "serious" or "substantial" is not sufficient. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Instead, the harm must be "certain," "great," and "actual." *Id*. The movant is required to "show that the injury complained of is of such imminence that there is a clear and present need for equitable relief." *Id*. at 1189. For example, irreparable harm was likely to occur where a proposed development was likely to kill bald eagles and damage their nesting territories. *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1252, 1258 (10th Cir. 2003). It is "not an easy burden to fulfill." *Id*. at 1250.

Leachco has failed to show it is likely to suffer irreparable harm in the absence of a preliminary injunction. It identifies two categories of harm which it alleges are likely and irreparable. First, it claims the Commission's structural separation-of-powers violations inflict "here-and-now" constitutional injuries that continue so long as the administrative action proceeds. It relies on *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792 (10th Cir. 2019) and *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020) for this proposition. In the former case, the Tenth Circuit held in admittedly broad language, "What makes an injury 'irreparable' is the inadequacy of, and the difficulty of calculating, a monetary remedy after a full trial. Any deprivation of any constitutional right fits that bill." *Free the Nipple-Fort Collins*, 916 F.3d at 806. In a subsequent case addressing this passage, however, the court clarified it was referencing *individual* constitutional rights:

> [Movant] has not cited a single case where a generalized separation of powers, by itself, constituted irreparable harm. To the contrary, our cases finding that a violation of a constitutional right alone constitutes irreparable harm are limited to cases involving individual rights, not the allocation of powers among the branches of government.

*Aposhian v. Barr*, 958 F.3d 969, 990 (10th Cir. 2020). Like the movant in in *Aposhian*, Leachco alleges structural, separation-of-powers violations, principally focused on the President's ability to remove executive branch officers. A separation of powers violation does not establish irreparable harm.[2]

In the latter case Leachco relies on, *Selia*, the Court considered a challenge to removal restrictions on the head of the Consumer Financial Protection Bureau. 140 S. Ct. at 2191. It held that "when such a provision violates the separation of powers it inflicts a 'here-and-now' injury on affected third parties that can be remedied by a court." *Id*. at 2196. It made that statement, however, in considering a challenge to the plaintiff's *standing*. *Id*. at 2195. The case did not in any way involve a preliminary injunction. *Selia* does not stand for the proposition that a party allegedly harmed by a separation-of-powers issue is injured such that they may obtain a preliminary injunction against that harm. The Commission's alleged separation-of-powers violations are not likely to inflict irreparable harm.

The second category of irreparable harm identified by Leachco is the time and expense of litigation. The Supreme Court, however, has long recognized that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980). As noted above, irreparable harm is "harm that cannot be compensated after the fact by money damages." *Fish*, 840 F.3d at 751–52. Quantifiable litigation expenses, therefore, cannot satisfy this standard. *See Heideman*, 348 F.3d at 1189 ("It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable

---

[2] In both the Memorandum and Reply in support of its motion, Leachco references only the constitutional violations pertaining to separation of powers when arguing it will be subject to irreparable harm. It does not assert the alleged Fifth Amendment or Seventh Amendment violations are likely to cause irreparable harm. Even if, however, the court were to consider those alleged violations, it would still decline to issue an injunction. It has found no authority for the proposition that an administrative action before an ALJ without a jury constitutes irreparable harm such that it must be enjoined.

5

harm; such losses are compensable by monetary damages."). Any expense Leachco incurs in the Commission's administrative action does not constitute irreparable harm. *See Stifel, Nicolaus & Co. v. Woolsey & Co.*, 43 F.3d 1483, at *2 (10th Cir. 1994) (unpublished) (holding that litigation expenses incurred in state court action did not constitute irreparable harm for the purpose of enjoining the state court action).

In sum, neither the Commission's alleged structural separation-of-powers violations nor the litigation expenses attendant to the administrative action are likely to inflict irreparable harm on Leachco. It has therefore failed to show it is likely to suffer irreparable harm in the absence of a preliminary injunction. This failure in and of itself prevents issuance of the injunction. Where the movant "fail[s] to meet its burden of showing a significant risk of irreparable injury," a court "need not address the remaining preliminary injunction factors." *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017). Accordingly, the court does not address whether Leachco is likely to succeed on the merits, whether the balance of equities tips in its favor, or whether an injunction is in the public interest.

Lastly, the court notes Defendants spent a large portion of their Response brief discussing the Administrative Procedure Act and asserting Leachco may not seek interlocutory review of ongoing Commission proceedings. *See* 5 U.S.C. § 704 (providing that only final agency action is subject to judicial review). Defendants, however, never specify how these procedural issues pertain to the Motion for Preliminary Injunction. They acknowledge the issues might be the basis of a motion to dismiss, but do not ask the court to take any action in response. *See Kansas ex rel. Schmidt v. Zinke*, 861 F.3d 1024, 1028 (10th Cir. 2017) ("The NIGC moved to dismiss on the ground that the letter did not constitute final agency action."). Because the Administrative

6

Procedure Act issues presented in the briefing do not impact the court's resolution of the Motion for Preliminary Injunction, it does not address them here.

## CONCLUSION

For the reasons set forth above, Plaintiff Leachco, Inc.'s Motion for Preliminary Injunction of [Dkt. No. 9] is **DENIED**.

**IT IS SO ORDERED** this 29th day of November, 2022.

*Ronald A. White*
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**