Leachco, Inc.
Motion for Injunction Pending Appeal
and Brief in Support

# Exhibit 6

FILED
United States Court of Appeals
Tenth Circuit

June 6, 2023

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

───────────────────────────────

LEACHCO, INC.,

    Plaintiff - Appellant,

v.

CONSUMER PRODUCT SAFETY COMMISSION; ALEXANDER HOEHN-SARIC, Chair of the Consumer Product Safety Commission; DANA BAIOCCO, Commissioner of the Consumer Product Safety Commission; MARY T. BOYLE, Commissioner of the Consumer Product Safety Commission; PETER A. FELDMAN, Commissioner of the Consumer Product Safety Commission; RICHARD TRUMKA, Commissioner of the Consumer Product Safety Commission,

    Defendants - Appellees.

-----------------------------

PUBLIC CITIZEN, INC.,

    Amicus Curiae.

No. 22-7060
(D.C. No. 6:22-CV-00232-RAW)
(E.D. Okla.)

───────────────────────────────

**ORDER**

───────────────────────────────

Before **TYMKOVICH** and **EID**, Circuit Judges.

───────────────────────────────

    Appellant Leachco, Inc., is a respondent in an ongoing administrative proceeding before the Consumer Product Safety Commission. In the underlying district court case,

Leachco sought a preliminary injunction to enjoin the administrative proceeding. The district court denied the motion and Leachco filed an interlocutory appeal from that ruling in this court. Leachco also moved in district court for an injunction pending appeal, which the district court denied. Leachco then filed a motion for injunction pending appeal in this court. On January 30, 2023, a panel of this court denied the motion.

On May 9, Leachco filed a second motion for injunction pending appeal, relying on the Supreme Court's recent decision in *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023), to argue it will suffer irreparable harm in the absence of an injunction. The appellees filed a response in opposition, and Leachco filed a reply.

Rule 8 of the Federal Rules of Appellate Procedure states that "[a] party must ordinarily move first in the district court for . . . an order . . . granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). A party may also move in the court of appeals for an injunction pending appeal, but the motion must "show that moving first in the district court would be impracticable" or "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action." Fed. R. App. P. 8(a)(2)(A).

Before filing its current motion for injunction pending appeal, Leachco did not move first in the district court for the requested relief nor has it shown that doing so would be impracticable. Because Leachco did not comply with Rule 8 and give the district court an opportunity to consider Leachco's new authority for requesting an injunction pending appeal in the first instance, we deny its motion. This denial is without

prejudice to Leachco renewing its motion in this court, if necessary, after seeking the requested relief in district court.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk
