# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEACHCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONSUMER PRODUCT SAFETY COMMISION, *et al.*, <br><br> Defendants, | Case No. CIV-22-232-RAW |

## ORDER

Leachco is an Oklahoma Corporation located in Ada, Oklahoma, which manufactures and distributes an infant lounger called the "Podster." The Consumer Product Safety Commission ("Commission") is an executive regulatory agency authorized to enforce, among other laws, the Consumer Product Safety Act ("CPSA"). *See* 15 U.S.C. §§ 2051, *et seq*. On February 9, 2022, after "the deaths of at least two infants"[1] linked with use of the Podster, the Commission brought an administrative enforcement proceeding pursuant to 15 U.S.C. § 2064 "for public notification and remedial action to protect the public from the substantial risks of injury presented by various models of infant lounging pillows ('Podsters')." *Docket No. 2-2, at 1*. The Commission alleges, *inter alia*, that it is foreseeable that a caregiver will leave an infant unattended in a Podster, that the design of the Podster facilitates movement, that the infant may then roll or move into a position where their nose and mouth are obstructed, and that the design

---

[1] Leachco states in its motion that three infants have died. *Docket No. 60 at 2*.

of the Poster prevents an infant from self-rescuing once their nose and mouth are obstructed.  *Id*. at 8.

On August 17, 2022, Leachco filed its Complaint in this court seeking injunctive and declaratory relief.  *Docket No. 2*.  Leachco complains, *inter alia*, that the Commission is unconstitutionally structured because the President is precluded from removing the Commissioners except for cause and the administrative law judge conducting the Commission's proceeding improperly enjoys at least two levels of for-cause removal protections.  *Id*. at 2.  Leachco maintains that these removal restrictions "violate the Separation of Powers, Article II's vesting of the executive power in the President, and the President's duty to 'take Care that the laws be faithfully executed.'"  *Id*. (citing U.S. CONST. art. II, § 3).

On November 29, 2022, this court denied Leachco's motion for a preliminary injunction, finding that Leachco failed to show it is likely to suffer irreparable harm in the absence of a preliminary injunction.  *Docket No. 49*.  On December 8, 2022, this court stayed this action pending appeal and denied Leachco's motion for injunction pending appeal.  *Docket No. 58*.  On January 30, 2023, the United States Court of Appeals for the Tenth Circuit denied Leachco's motion for an injunction pending appeal, finding that Leachco failed to meet its burden to "establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest" and noting that "[a]s a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Docket No. 60-5*, *Leachco, Inc. v. CPSC*, No. 22-7060 (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008) and *Schrier v. University of Colo*., 427 F.3d 1253, 1258 (10th Cir. 2005)).

On June 6, 2023, the Tenth Circuit Court of Appeals denied Leachco's second motion for injunction pending appeal, as Leachco failed to follow Fed. R. App. P. 8(a)(1)(C) requiring it to move first in the district court for an order granting an injunction while an appeal is pending.

Now before the court is Leachco's latest motion for injunction pending appeal, relying on the Supreme Court's recent decision in *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023) [Docket No. 60].  Leachco must "establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20 (citations omitted).

 The Commission argues and the court agrees that the ruling in *Axon* does not change the irreparable harm analysis here.  As the Commission argues, *Axon* answered the narrow question of whether a district court has jurisdiction to hear a collateral challenge while an administrative proceeding is ongoing.  The Supreme Court held that "[t]he ordinary statutory review scheme does not preclude a district court from entertaining these extraordinary claims."  *Axon*, 143 S.Ct. at 897.

Leachco argues that the language in *Axon* noting that "subjection to an illegitimate proceeding" is "impossible to remedy once the proceeding is over" dictates a finding of irreparable harm.  While the court considers this language, the court does not agree that it dictates a finding of irreparable harm.  Again, *Axon* simply answered a jurisdictional question; it did not include an injunction analysis.  Further, as the Commission argues, *Axon* does not hold that a separation-of-powers allegation constitutes irreparable harm.  The Tenth Circuit has held that "[t]o the contrary, our cases finding that a violation of a constitutional right alone constitutes irreparable harm are limited to cases involving individual rights, not the allocation of powers

3

among the branches of government." *Aposhian v. Barr*, 958 F.3d 969, 990-91 (10th Cir. 2020) (citations omitted). "As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Schrier*, 427 F.3d at 1258 (citations omitted). Leachco has not met its burden.

Additionally, Leachco has not met its burden to show a likelihood of success on its constitutional attacks on the Commission's structure.[2] Finally, the merged interest of the Commission and the public in protection "against unreasonable risks of injury associated with consumer products," 15 U.S.C. § 2051(a)(3), weighs in favor of the Commission. Leachco's Motion [Docket No. 60] is DENIED.

**IT IS SO ORDERED** this 2nd day of August, 2023.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

[2] As the Commission argues, the Supreme Court has held that "Congress can, under certain circumstances, create independent agencies run by principal officers appointed by the President, whom the President may not remove at will but only for good cause." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 483 (2010). The Supreme Court has also "sustained similar restrictions on the power of principal executive officers—themselves responsible to the President—to remove their own inferiors." *Id*. While the *Free Enterprise* Court then held that "multilevel protection from removal is contrary to Article II's vesting of the executive power in the President," that holding does not apply to administrative law judges. *Id*. at 484 and 507. "[O]ur holding does not address that subset of independent agency employees who serve as administrative law judges. Whether administrative law judges are necessarily 'Officers of the United States' is disputed. And unlike members of the Board, many administrative law judges of course perform adjudicative rather than enforcement or policymaking functions . . . or possess purely recommendatory powers." *Id*. at 507 n. 10 (internal citations omitted). Leachco argues that administrative law judges were later held to be "Officers of the United States" in *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), but Leachco has not met its burden to show that the *Lucia* ruling necessarily changes the *Free Enterprise* ruling excepting administrative law judges.